IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ERIK T. TURNER, #N3437**                                                                     **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 4:07-cv-102-TSL-LRA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                        **RESPONDENT**

## OPINION AND ORDER

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Turner, an inmate at the Mississippi State Penitentiary (MSP), Parchman, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. As required by <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

### Background

The petitioner pled guilty to and was convicted of the sale of cocaine, within 1500 feet of a church, in the Circuit Court of Lauderdale County, Mississippi on November 28, 2005. The petitioner was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. In the instant petition, Turner claims that he was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

This Court entered an order [8] directing the petitioner to file an amended petition to provide information regarding the exhaustion of his state court remedies. Petitioner filed his response [9], wherein he states that he has not filed a motion for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. §§ 99-39-91, <u>et</u>. <u>seq</u>.

Petitioner further states that he was unaware that he had to pursue state remedies prior to filing for habeas relief in federal court. Petitioner is requesting that this case be "put on hold" so he has a "chance to file a post-conviction [motion] in the trial court" or for this court to order this case "down to the Circuit Court of Lauderdale County for a response." Resp. [9], p. 1-2.

### Analysis

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir.1995), cert. denied, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999).

A habeas petitioner who has failed to exhaust all of his post-conviction remedies has not asserted a cognizable right to federal habeas relief under Section 2254. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). Petitioner may satisfy the exhaustion requirement through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-91, et. seq. Specifically, the Act provides that a prisoner who claims that his "conviction or [ ] sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi " may make a motion under this article. MISS. CODE ANN. §§ 99-39-5 (1)(a). As stated above, petitioner has failed to file for relief with the state courts of Mississippi prior to bringing this federal action.

The court also finds that petitioner's request for a stay of this case while he pursues his state remedies is not warranted. The United States Supreme Court has held that the district courts have the authority, *but are not required,* to hold a mixed petition - one with exhausted and unexhausted claims - in abeyance while the unexhausted claims are pursued in state court. Rhines v. Webber, 544 U.S. 269, 275 (2005). However, in this case petitioner has not presented any exhausted claims in this federal petition, a situation not addressed by Rhine. Furthermore, the stay and abeyance procedure is only appropriate when the court finds "good cause" for a petitioner's failure to exhaust his claims. Id. at 277. Petitioner has not made such a showing for his failure to exhaust his state remedies. As such, this case shall be dismissed, without prejudice, for petitioner's failure to exhaust his available state court remedies.

3

A final judgment in accordance with this opinion and order shall issue this date.

SO ORDERED, this the 15th day of February, 2008.

    /s/Tom S. Lee
    UNITED STATES DISTRICT JUDGE